UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MILLEN,<br><br>Plaintiff,<br><br>v.<br><br>SAN QUENTIN STATE PRISON, et al.,<br><br>Defendants. | Case No. 19-cv-03986-SI<br><br>**ORDER OF SERVICE**<br>Re: Dkt. No. 1 |

Jonathan Millen, a California prisoner currently incarcerated at the High Desert State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain of conditions of confinement at San Quentin State Prison, where he was housed earlier. His complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

In his complaint, Millen alleges the following about events that occurred at San Quentin State Prison: On March 29, 2017, correctional officer Morris hit Millen with a night stick, pushed him on the bed (causing Millen to hit his head on the wall), and "then landed on top of" Millen. Docket No. 1 at 3. Millen alleges that, as a result of the battery, he attempted suicide, was placed in a crisis bed, and placed in the EOP level of mental health care.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

1 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Excessive force may amount to the cruel and unusual punishment prohibited by the Eighth Amendment. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

Liberally construed, the complaint states a cognizable claim against defendant Morris for the use of excessive force on Millen.

Millen describes the incident as reflecting deliberate indifference to his health and safety. Docket No. 1 at 3. The Eighth Amendment applies to claims of excessive force and deliberate indifference, although the latter has a mental state requirement that is easier for plaintiffs to satisfy. Here, the facts alleged are more suggestive of excessive force as Millen describes a physical attack. *Hudson* applies to the allegation of the use of excessive force. *Id.* at 7 ("whenever prison officials stand accused of using physical force," the *Whitley* inquiry applies). The court thus treat this as an excessive force claim rather than a deliberate indifference to safety claim.

Millen lists four additional defendants – the prison warden, captain, lieutenant, and sergeant Nelson – but does not allege that any of them did or failed to do something to violate his constitutional rights. There is simply no allegation suggesting wrongdoing by any of them. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d

1128, 1139, 1144 (9th Cir. 2012). Thus, these defendants do not have liability based on the fact that they are in charge of the prison or alleged wrongdoer. And Millen has not alleged facts to show the personal involvement of any of them in the constitutional deprivation or a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). These four defendants are dismissed.

**CONCLUSION**

1. Liberally construed, the complaint states a cognizable § 1983 claim against correctional officer Morris for violating Millen's rights under the Eighth Amendment. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the complaint, and a copy of this order upon the following correctional officer Morris, who apparently works at the San Quentin State prison Adjustment Center.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **February 21, 2020**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due. If defendant files a motion for summary judgment, defendant must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **March 20, 2020**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **April 3, 2020**.

3

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal

1 Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: December 13, 2019

_____
SUSAN ILLSTON
United States District Judge