UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MILLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MORRIS,<br><br>    Defendant. | Case No. 19-cv-03986-SI<br><br>**ORDER** |

On March 3, 2020, the court ordered plaintiff to provide by April 30th a first name or first initial for defendant correctional officer Morris so that Morris could be served with process. Docket No. 15. The court suggested that plaintiff could, "for example, ask his correctional counselor and write to the personnel office at San Quentin to try to obtain that information." *Id.* Plaintiff did not obtain the information and instead asked the court to obtain it for him. Docket No. 17. The court declined and explained that it was the plaintiff's obligation to comply with court orders and is not the court's obligation to prosecute his case for him. Docket No. 18. The court extended the deadline to August 3, 2020 for plaintiff to provide the information. *Id.* Plaintiff still has not provided the information.

Plaintiff has filed a document requesting that the monetary damages requested in his complaint be awarded to him because he has made "ample efforts to acquire the officer's name w/ no avail." Docket No. 19 at 1. The request for damages is DENIED. Plaintiff misunderstands the situation: when service of process is not accomplished on a defendant, the result is that the plaintiff takes nothing rather than that the plaintiff prevails. The defendant must be identified so he can be served with process if plaintiff is to have any hope of prevailing on his complaint.

1  Plaintiff has not made adequate efforts to obtain the defendant's first name so that the
2  defendant can be served with process. The documents attached to plaintiff's most recent filing
3  indicate that his failure to obtain the information is due more to his refusal to follow simple
4  instructions, rather than obstructionist tactics by prison officials. Plaintiff submitted a CDCR-22
5  request for the first name of C/O Morris; the request went to the litigation coordinator at R.D.
6  Donovan Facility (where plaintiff is now housed), who responded that he did "not have access to
7  San Quentin staff roster and [was] unable to provide . . . that information with the details provided."
8  Docket No. 19 at 9. The litigation coordinator instructed plaintiff to submit a "CDCR 22 or public
9  records act [request] to San Quentin." *Id.* There is no indication that plaintiff followed these simple
10 instructions in the five months since they were provided. Plaintiff submitted a CDCR-602 inmate
11 appeal in mid-June that he wanted to be processed as an emergency appeal. The appeal was deemed
12 not to be an emergency and was scheduled to be responded to in the normal timeframe for handling
13 inmate appeals. Docket No. 19 at 1, 4. This does not appear to be an improper response, as there
14 was no "emergency" need for the information that was not due until almost six weeks after plaintiff
15 filed that inmate appeal. (There are other CDCR-22s attached to the filing, but they are illegible.)

16 Once again, the court reminds plaintiff that he must obtain the first name for C/O Morris so
17 that service of process can be accomplished. Plaintiff should write to the personnel office at San
18 Quentin, submit a CDCR-22 to the litigation coordinator at San Quentin, and file a public records
19 act request seeking the information from San Quentin State Prison officials. If plaintiff does not
20 provide the first name of the defendant by **November 6, 2020,** the action will be dismissed.

21 **IT IS SO ORDERED**.

22 Dated: September 3, 2020

_____
SUSAN ILLSTON
United States District Judge

2